**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4075**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OCTAVIUS S. CLINE, a/k/a Toby,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-02-1358)

_____

Submitted: December 9, 2005          Decided: March 1, 2006

_____

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Andrew Mackenzie, BARRETT MACKENZIE, L.L.C., Greenville, South Carolina, Richard Warder, Greenville, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Octavius S. Cline was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). On appeal, Cline challenges the district court's ruling permitting the Government to introduce evidence under Fed. R. Evid. 404(b) of drug possession on the date of his arrest, which was after the dates charged in the indictment. We affirm.

Cline argues that (1) the differences in time, place, and people involved in the conspiracy and at the time of his arrest make the admitted evidence irrelevant; (2) the evidence from the arrest was not necessary because five witnesses described Cline's participation in the conspiracy; (3) there was no direct testimony linking the seized drugs to the offense; (4) the marijuana found was unreliable evidence; and (5) the probative value of this evidence was outweighed by its prejudicial effect. Review of a district court's determination of the admissibility of evidence under Rule 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. See United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies). Evidentiary rulings are also subject to review for harmless error

under Fed. R. Crim. P. 52, and will be found harmless if the reviewing court can conclude "without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997) (quoting United States v. Heater, 63 F.3d 311, 325 (4th Cir. 1995)).

Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rule 404(b) and Fed. R. Evid. 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. Id.

Here, the evidence was not submitted to infer bad character on Cline's part but rather to rebut his contention that he was not involved in a crack cocaine conspiracy. The evidence was relevant, necessary, reliable, and its probative value was not outweighed by its prejudicial effect. See Queen, 132 F.3d at 997. The district court also gave a sufficient limiting instruction to the jury. Further, even if the admission of the evidence of Cline's subsequent drug possession was erroneous, we conclude that the error was harmless. The evidence against Cline was significant. As this was not a close case factually, we conclude with fair assurance that any error regarding the admission of Cline's subsequent possession did not affect the verdict. See Heater, 63 F.3d at 325.

We therefore affirm the judgment. We deny Cline's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED